Cheryl B. St. Germaine, Petitioner-Respondent,

v.

Gilbert R. Chapman, Respondent-Appellant.

Court of Appeals

*No. 93–0138. Submitted on briefs June 10, 1993.—Decided August 24, 1993.*

(Also reported in — N.W.2d —.)

On behalf of respondent-appellant, the cause was submitted on the briefs of *Frederic E. Hatch* of Sayner.

On behalf of petitioner-respondent, the cause was submitted on the brief of *Alexander E. Brown* of *Drager, O'Brien, Anderson, Burgy & Garbowicz* of Eagle River.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Gilbert Chapman appeals a domestic abuse injunction and an order denying his motion to lift the injunction. The injunction requires Chapman to avoid the residence of and contact with Cheryl St. Germaine with whom he formerly lived in a home owned and managed by the Lac du Flambeau Tribe of Lake Superior Chippewa Indians on the tribal reservation in Vilas County. Both Chapman and St. Germaine are tribal members. Because the tribe had a virtually identical domestic abuse ordinance in place at the time of Chapman's misconduct, and a tribal court to enforce it, we conclude that the tribal court has exclusive jurisdiction. We therefore reverse the injunction and order.

"State jurisdiction over on-reservation activities of tribes is preempted if it interferes or is incompatible with federal and tribal interests reflected in federal law, unless the state interests at stake are sufficient to justify the assertion of state authority." *State v. Big John*, 146 Wis. 2d 741, 748, 432 N.W.2d 576, 579–80 (1988). "The inquiry is to proceed in light of traditional notions of Indian sovereignty and the congressional goal of encouraging tribal self-sufficiency and economic development." *Id.* "The United States Supreme Court has rejected the view that states are absolutely barred

from exercising jurisdiction over tribal reservations and members." *Id.* at 748–49, 432 N.W.2d at 580. "However, there are two independent but related barriers to the state's exercise of jurisdiction on reservations. First, the exercise of such authority may be preempted by federal law." *Id.* at 749, 432 N.W.2d at 580. "Second, state jurisdiction may infringe upon rights of tribes to establish and maintain tribal government." *Id.* " Accordingly, the Court has formulated a comprehensive preemption inquiry which examines not only the congressional plan, but also the nature of the state, federal, and tribal interests at stake, an inquiry designed to determine whether, in the specific context, the exercise of state authority would violate federal law." *Id.*

We first conclude that Vilas County's exercise of jurisdiction in this case is not explicitly preempted by federal law. Wisconsin was one of the five original states granted criminal and civil jurisdiction over Indian lands by the United States Congress by Public Law 280 in 1953. FELIX S. COHEN, HANDBOOK OF FEDERAL INDIAN LAW, ch. 2, § E2g, 175–76 (Rennard Strickland & Charles F. Wilkinson ed. 1982). Where applicable, Public Law 280 grants states jurisdiction over " 'civil causes of action' " and provides that . . . " 'civil laws . . . that are of general application' shall have the same force and effect in Indian country as they have elsewhere within the state." *Id.* ch. 6, § C3a(1), at 363.[1]

Chapman's reliance upon *Bryan v. Itasca County, Minn.*, 426 U.S. 373, 386 (1976), is misplaced. That case distinguished the presence of state jurisdiction in

---

[1] 18 U.S.C. § 1162(a); 25 U.S.C. §§ 1321(a), 1322(a); 28 U.S.C. § 1360(a).

cases involving the law of contracts, tort, marriage, divorce, insanity, descent, etc., from those involving laws declaring the state's sovereignty such as the power to tax, or grant franchises, etc. *Id.* at 384 n.10. Thus, *Bryan* denied Minnesota the power to impose a personal property tax upon a mobile home located on Indian trust land. On the other hand, this case involves the application of domestic relations law, a subject more akin to torts, marriage and divorce than the state's sovereign power to tax. Further, our supreme court has rejected the motion that Public Law 280 must expressly grant jurisdiction in specific regulatory matters in order to avoid federal preemption. *County of Vilas v. Chapman*, 122 Wis. 2d 211, 218–19, 361 N.W.2d 699, 703 (1985). We conclude that Public Law 280 does not facially preempt the subject of domestic abuse injunctions as it applies to Indians located on the reservation.

Nevertheless, under the two-stage analysis required, we must also examine whether exercise of state jurisdiction in context of the circumstances here would infringe upon the rights of the tribe to establish and maintain its tribal government. Because the tribe had adopted an ordinance virtually identical to the Wisconsin enactment, sec. 812.12, Stats., and it is undisputed that the tribal court is in place to enforce it, we conclude that jurisdiction lies with the tribal court.

Our conclusion is consistent with the holding of our supreme court in *Chapman*. In that case, Chapman was arrested and charged with violating a noncriminal Vilas County traffic ordinance. The defendant conceded that at the time of his offense, the tribe had no motor vehicle code in effect. Subsequent to the time Chapman was charged, the tribe did enact a motor

vehicle code and established a tribal court. The *Chapman* court, in a 5–2 decision, upheld the county's right to exercise jurisdiction based upon the absence of a tribal ordinance and a tribal court *at the time of the offense*. *Id.* at 216, 361 N.W.2d at 702. By the same logic, the presence of the tribal ordinance and a tribal court at the time of Chapman's conduct in this case suggests the opposite conclusion.

The *Chapman* court also considered and evaluated the relative interests of the tribe and the state in regulating the conduct in question. The court noted that "the state clearly has a strong interest in regulating the use of public highways which it builds and maintains. The tribe also has a strong interest in regulating the use of roads within the reservation." *Id.* The court then concluded that while there were equivalent interests in regulating the motor vehicle traffic, the balance tipped in favor of the state in the absence of the tribe's enforcement of its regulations at the time of the offense. *Id.* Again in contrast, not only did the conduct in question here occur solely on Indian land, the balance must also tip in favor of the tribe when it is prepared to deal with prevention of domestic abuse by Indians upon Indians on the reservation through its own laws and its own court. We therefore conclude that jurisdiction in this case rests with the tribal government.

Because we reject the application of the state's jurisdiction in this case, we need not address Chapman's remaining challenges on appeal.

*By the Court.*—Orders reversed.